### STEPHEN STONE *v.* COMMONWEALTH.

[Abstract Kentucky Law Reporter, Vol. 2—391.]

**Criminal Law—Indictment.**

> An indictment is good which charges that the accused wilfully and maliciously shot and wounded a named person.   It will be implied that the accused shot at him, and in the absence of a bill of exceptions exhibiting the evidence, it will be presumed the evidence sustained the charge.

### APPEAL FROM FLOYD CIRCUIT COURT.

March 29, 1881.

OPINION BY JUDGE HARGIS:

The indictment is sufficient because it charges that the accused wilfully and maliciously shot and wounded Arnett, which implies that he shot at him; and it must be presumed that the evidence sustains the charge, in the absence of a bill of exceptions showing us what evidence was introduced on the trial.

The trial was not commenced and completed in the absence of the accused, and the error assigned on that ground is not available. The trial was commenced and proceeded to the retirement of the jury to consider their verdict in the presence of the acused, who fled so soon as the jury retired.

The action of the court in overruling appellant's motion for a new trial was not subject to exception (Buckner & Bullitt's Crim. Code [1876], § 281), and is not a reversible error on the ground assigned.   *Kennedy v. Commonwealth,* 14 Bush (Ky.) 340.

Wherefore the judgment is *affirmed*.

*J. & J. W. Rodman, B. H. Weddington, Thomas G. Fitzpatrick, James Goebel, for appellant.*

*P. W. Hardin, for appellee.*